## MATTER OF MONTERAN

### In Section 245 Proceedings

### A-13533807

*Decided by District Director June 24, 1966*

An alien who was born in the United States and who, following his expatria-
tion abroad, was paroled into the United States, is statutorily eligible for
adjustment of status pursuant to section 245(a) of the Immigration and
Nationality Act, as amended, notwithstanding the provisions of subsection
(c) of section 245 of the Act, as amended by P.L. 89-236, precluding such re-
lief to an alien who is a native of any country of the Western Hemisphere
or of any adjacent island named in section 101(b) (5).

**Discussion:** The applicant is a 52-year-old married, male alien.
He was born in Jersey City, New Jersey, on September 26, 1913.
He went to France with his parents in 1921 and has since resided
there. He lost his United States citizenship by voting in political
elections in France, and has acquired French nationality. He last
arrived in the United States on November 24, 1965 at which time
he was paroled pursuant to section 212(d)(5) of the Immigration
and Nationality Act. He applied on November 29, 1965 for the
status of a lawful permanent resident alien under section 245 of the
Immigration and Nationality Act, as amended.

Subsection (a) of amended section 245 (8 U.S.C. 1255), provides:

The status of an alien, other than an alien crewman, who was inspected and
admitted or paroled into the United States may be adjusted by the Attorney
General, in his discretion and under such regulations as he may prescribe, to
that of an alien lawfully admitted for permanent residence if (1) the alien
makes an application for such adjustment, (2) the alien is eligible to receive
an immigrant visa and is admissible to the United States for permanent resi-
dence, and (3) an immigrant visa is immediately available to him at the time
his application is approved.

The required medical examination and an examination by an officer
of this Service have disclosed no ground of inadmissibility. A
currently-valid approved visa petition accords the applicant third-
preference classification under section 203(a) of the Immigration

and Nationality Act, as amended. An immigrant visa is immediately available to him under the quota for France to which he is chargeable under section 202(b)(3) of the Act.

The sole issue is whether by reason of his birth in the United States he is precluded from the benefits of section 245(a) by the restrictive provisions of section 245(c) of the Act, which, as amended by section 13 of the Act of October 3, 1965 (Public Law 89–236, 79 Stat. 911), now reads:

The provisions of this section shall not be applicable to any alien who is a native of any country of the Western Hemisphere or of any adjacent island named in section 101(b)(5).

In amending section 245(c), Congress deleted the words "contiguous to the United States" and substituted therefor the phrase "of the Western Hemisphere." House Report No. 745 (89th Congress, 1st Session) dated August 6, 1965 to accompany H.R. 2580 sets forth on page 22:

Section 245 of the Immigration and Nationality Act, relating to adjustment of status of aliens in the United States, is amended to prohibit the adjustment of natives of the Western Hemisphere now referred to as "special immigrants". The Immigration and Naturalization Service has been faced with a recurring problem in cases of natives of Central and South America who come to the United States as nonimmigrant visitors and promptly seek permanent residence status under Section 245.

Section 245(c), as initially reported out of the Committee on the Judiciary, prohibited the adjustment of status of any person born in any independent foreign country of the Western Hemisphere or in the Canal Zone or the spouse or child of any such person if accompanying or following to join him. It was amended on the floor of the House of Representatives so as to preclude granting its benefits to natives of any country of the Western Hemisphere or any adjacent island named in section 101(b)(5) of the Immigration and Nationality Act. This change was to make clear that the benefits of the section could not be utilized by a native of any foreign country of the Western Hemisphere whether or not independent.

As used in the Act, the connotation of *foreign* country is evident. The term "special immigrant", referred to in House Report No. 745, mentioned above, is defined in section 101(a)(27)(A) to mean "an immigrant who was born in any independent *foreign* country of the Western Hemisphere or in the Canal Zone . . . (Underscoring supplied)." A further indication that the term "Western Hemisphere" was not intended to include the United States is contained in section 21(c) of Public Law 89–236 which provides that the Select Com-

mission on Western Hemisphere Immigration, established by that Act, is to make recommendations concerning "immigration to the United States from the nations of the Western Hemisphere".

Section 245 of the Immigration and Nationality Act was a new provision of law intended to obviate the necessity of a departure from the United States and the making of a new entry in the cases of certain aliens who were in the United States temporarily and who desired and were eligible to acquire the status of permanent residence. ("Commentary on the Immigration and Nationality Act" by Walter M. Besterman, Legislative Assistant, Committee on the Judiciary, House of Representatives. U.S. Code, Congressional and Administrative News, October 20, 1953.) When we read section 245, as amended, in the context of its legislative and statutory history, we must conclude that the amendment of subsection (c) by the Act of October 3, 1965 was not intended to, and does not preclude the grant of the benefits of the section to a person born in the United States.

ORDER: It is ordered that the application for status as a permanent resident under section 245 of the Immigration and Nationality Act, as amended, be granted.